```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               CIVIL NO. 26-630(DSD/DLM)
```

Miguel B.,

       Petitioner,

v.

                                               **ORDER**

Pamela Bondi, Attorney General;
Kristi Noem, U.S. Department of
Homeland Security; Todd M.
Lyons, Acting Director of
Immigration and Customs
Enforcement; David Easterwood,
Acting Director, St. Paul Field
Office, Immigration and Customs
Enforcement; Joel Brott,
Sheriff of Sherburne County,

       Respondents.

     This matter is before the court upon the petition for writ of habeas corpus. Based on a review of the file, record, and proceedings herein, the court grants the petition.

     Petitioner Miguel B. is a citizen of Ecuador who has lived in Minnesota since December 2023. Pet. ¶ 13. He was detained upon entry into the United States and released on his own recognizances with a notice to appear. Id. He has a pending asylum application and his next court date is May 2026. Id. ¶ 14. Miguel has been in respondents' custody since December 3, 2026, when he was arrested on the street without a warrant. Id. ¶ 15. He is being held at the Sherburne County Jail. Id. ¶ 7. There is no indication in

the record that he has been charged with any crime.  See ECF Nos. 1, 4.

Through his petition, brought under 28 U.S.C. § 2241, Miguel challenges his detention and requests immediate release or an expedited bond hearing, as well as injunctive relief.  The narrow issue presented is whether Miguel is subject to 8 U.S.C. § 1225(b)(2), which mandates detention, or 8 U.S.C. § 1226, which is discretionary with respect to detention pending a bond hearing. Pet. ¶¶ 46-66. Miguel argues that respondents have erroneously classified him as falling under § 1225(b)(2), which violates his Fifth Amendment right to due process, the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and related regulations, and the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).  Id. ¶¶ 35-51.

The issue presented has been ruled on by many judges in this district and beyond.  The great weight of authority persuasively holds that Miguel and others in his circumstances have been improperly detained under § 1225(b)(2) and should be allowed the processes available under § 1226.  See Elias C. v. Bondi, No. 26-cv-307, 2026 WL 145962 (D. Minn. Jan. 20, 2026) (collecting cases). Indeed, courts have overwhelmingly ruled that § 1225(b)(2) applies to applicants "seeking admission," and that § 1226 applies to "aliens already in the country."  See id.  The court agrees with such authority and will follow suit without additional discussion.

2

Miguel's asylum application does not yield a different result. See Yessenia S.T. v. Bondi, No. 26-cv-30, 2026 WL 102407 (D. Minn. Jan. 14, 2026).

Accordingly, **IT IS HEREBY ORDERED that t**he petition for writ of habeas corpus [ECF No. 1] is granted as follows:

1.  Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject 8 U.S.C. § 1226;

2.  Petitioner must be immediately released from detention under 8 U.S.C. § 1226(a), as he was arrested without a warrant and is not alleged to have committed any crime;

3.  Upon petitioner's release, respondents shall return to him any employment authorization documentation and any other identification documentation seized on his arrest.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  January 29, 2026    /s David S. Doty_____
                            David S. Doty, Judge
                            United Stated District Court